1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT CSECH,                                )
                                   )        3:13-cv-00289-MMD-VPC
           Plaintiff,       )
                                   )
      v.                     )      **REPORT AND RECOMMENDATION**
                                   )      **OF U.S. MAGISTRATE JUDGE**
JOHN PERRY, *et al*.,        )
                                   )
          Defendants.     )      April 4, 2014
_____)

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' Rule 12(b)(6) partial motion to dismiss for failure to state a claim for which relief may be granted (#13).[1] Plaintiff opposed (#15), and defendants replied (#20). The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss be granted, but that plaintiff be granted leave to file an amended complaint in conformance with this order.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Robert Csech ("plaintiff"), a *pro se* litigant, is incarcerated at Northern Nevada Correctional Center in the custody of the Nevada Department of Corrections ("NDOC") (#4). On June 3, 2013, plaintiff filed his civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights. *Id*. The court screened the complaint, pursuant to 28 U.S.C. § 1915A, and permitted the claims to proceed (#3, pp. 3-4).

_____

[1] Refers to the court's docket numbers.

By way of an overview, plaintiff alleges that he was denied an evaluation for a wheelchair and for the assignment of a wheelchair pusher in violation of his Eighth Amendment rights and in retaliation for his prison grievance and litigation activities. With respect to the defendants who are the subjects of defendants' partial motion to dismiss, plaintiff alleges the following: in June 2012, plaintiff entered into a settlement agreement in a prison civil rights case that he filed in 2009 (#4, p. 4). Defendant NDOC Assistant Director E.K. McDaniel apparently agreed to the terms of the June 2012 settlement agreement and defendant Nathan Hastings was the deputy attorney general who represented defendants when the June 2012 settlement agreement was reached. *Id*. at 9. McDaniel and Hastings agreed to the following settlement provision: "It is further understood and agreed that the defendants agree not to harass plaintiff or retaliate against him for filing this action, and the plaintiff shall have a clean slate with Dr.'s Johns and Gedney." *Id*. Plaintiff then alleges: "However when plaintiff needed Dr. Johns or Dr. Gedney on July 2, 2012, it was deliberately denied! . . . . [these two defendants] knew of the violations prior to June 12, 2012 in court yet failed to act to prevent again!" *Id*.

Defendants ask the court to grant their Rule 12(b)(6) partial motion to dismiss on the grounds that plaintiff fails to set forth any factual allegations to support any claims against McDaniel or Hastings for which relief may be granted (#13, p. 3).

## II. DISCUSSION & ANALYSIS

The court first notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.     Legal Standards**

**1.  42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999).  Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere.  *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

**2.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted).  Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678.  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  (internal quotation marks and citation omitted).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

Allegations in pro se complaints, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[,]'" and must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). A district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

**3. Eighth Amendment and Deliberate Indifference**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  *Id*. at 106.   The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).   Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (overruled on other grounds), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is

insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

**B.  Analysis**

Defendants argue that, even construing plaintiff's complaint liberally, he fails to set forth any factual allegations against McDaniel or Hastings, including in relation to any Eighth Amendment deliberate indifference claims (#13, p. 3).  From what the court can discern, in his opposition, plaintiff simply repeats the statements regarding McDaniel and Hastings from his complaint (#15). Defendants are correct; plaintiff has failed to set forth any factual allegations that these two defendants acted or failed to act and thus were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, or acted or failed to act in violation of any of plaintiff's constitutional rights.

Accordingly, the court should grant defendants' partial motion to dismiss. With respect to Deputy Attorney General Hastings, such dismissal should be with prejudice and without leave to amend. "[T]he Supreme Court has determined that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the Court has granted absolute immunity to . . . judges, prosecutors, . . . and officials performing quasijudicial functions." *Fry v. Melaragno*, 939 F.2d 832, 835–36 (9th Cir. 1991) (internal quotation marks, citations, and footnote omitted). Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124–26 (1997); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636–37 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

When sued in official and individual capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties." *Bly–Magee v. California*, 236 F.3d 1014, 1016 (9th Cir. 2001);  *see also Fry*, 939 F.2d at 837 (government lawyers absolutely immune for actions "intimately" or "closely" associated with judicial process). "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation." *Id.* (citation omitted). Accordingly, as any amendment as to Hastings would be futile, the court should grant defendants' partial motion to dismiss as to Hastings and dismiss Hastings from this action with prejudice and without leave to amend. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

As to McDaniel, because it is not entirely clear from the face of the complaint that it is not possible for plaintiff to cure the deficiencies by amendment, plaintiff should be given leave to amend his claims against McDaniel.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).  If plaintiff elects to file an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If plaintiff chooses not to file an amended complaint, this action shall proceed as otherwise set forth in this order and in the screening order dated August 20, 2013 as to defendants John Perry, Lisa Walsh and J. Palmer (*see* #3).

### III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's complaint fails to state a claim for which relief may be granted as to defendants McDaniel and

Hastings, and therefore, defendants' Rule 12(b)(6) partial motion to dismiss (#13) should be granted. As discussed above, the claims against defendant Hastings should be dismissed with prejudice and without leave to amend, and the claims against defendant McDaniel should be dismissed without prejudice and with leave to amend.

The parties are advised:

      1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

      2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss (#13) be **GRANTED as follows:**

    (1)    The claims against defendant Hastings should be **DISMISSED with prejudice without leave to amend**.  Defendant Hastings should be dismissed from this action.

    (2)    The claims against defendant McDaniel should be **DISMISSED without prejudice and with leave to amend** in conformance with this order.

**IT IS FURTHER RECOMMENDED** as follows:

(1)  Plaintiff should have **thirty (30) days** from the date that this order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.   Any allegations, parties, or

requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

(2) Plaintiff should clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:13-CV-00289-MMD-VPC**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER RECOMMENDED** that if plaintiff chooses not to file an amended complaint, this action shall proceed as otherwise set forth in this order and in the screening order dated August 20, 2013 as to defendants John Perry, Lisa Walsh and J. Palmer.

**IT IS FURTHER RECOMMENDED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

**DATED:**  April 3, 2014.

_____

**UNITED STATES MAGISTRATE JUDGE**