UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBERT CSECH,<br><br>　　　　　Plaintiff,<br>v.<br><br>JOHN PERRY, et al.,<br><br>　　　　　Defendants. | Case No. 3:13-cv-00289-MMD-VPC<br><br>ORDER<br><br>(Report and Recommendation<br>– dkt. no. 28) |

Before the Court is the Report and Recommendation of Magistrate Judge Valerie P. Cooke ("R&R") entered on April 4, 2014, recommending: (1) dismissal of Plaintiff Robert Csech's Complaint without prejudice with regards to Defendant E.K. McDaniel, (2) dismissal of Plaintiff's Complaint with prejudice with regards to Defendant Nathan Hastings, and (3) granting Plaintiff leave to amend. (Dkt. no. 28.) Plaintiff filed three responses to the R&R, including an objection (dkt. no. 29), a second response (dkt. no. 30) and a notice (dkt. no. 31). These filings state that Plaintiff does not object to the dismissal of Hastings. (Dkt. no. 29 at 1; dkt. no. 31.) Plaintiff also makes no objection to the dismissal of McDaniel, but states that he is unsure how to amend with respect to this defendant. (Dkt. no 29 at 1, 3; dkt. no. 30 at 1; dkt. no. 31.) Finally, Plaintiff seeks leave to amend in order to add an additional defendant due to new information that he has obtained since the original filing. (Dkt. no 29 at 4; dkt. no. 30 at 2.) Defendants filed a response objecting to Plaintiff's request to add an additional defendant. (Dkt. no. 32.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed). Nevertheless, the Court finds it appropriate to engage in a *de novo* review of all issues to determine whether to adopt Judge Cooke's R&R.

Plaintiff filed this 42 U.S.C. § 1983 civil rights action seeking redress for the denial of medical care in violation of his Eighth Amendment rights. (*See* dkt. no. 4.) Defendants filed a partial motion to dismiss for failure to state a claim against Hastings and McDaniel. (Dkt. no. 13.) Plaintiff's claims against Hastings and McDaniel stem from the settlement of a previous lawsuit where McDaniel, as the NDOC Assistant Director, had agreed to certain settlement terms and Hastings, as the Deputy Attorney General, represented defendants. Plaintiff asserts that Hastings and McDaniel allegedly agreed that Plaintiff would be free from retaliation and would "have a clean slate with Drs. Johns and Gedney." (Dkt. no. 4 at 9.) The Complaint states that Plaintiff was deliberately denied a medical evaluation on June 2, 2012. (*Id.*)

The R&R concludes that because all allegations against Hastings arose from actions taken in his official capacity as Deputy Attorney General, his immunity was

absolute and, therefore, no claim could be stated against Hastings. (Dkt. no. 28 at 7.) The Court agrees.

The Supreme Court has granted broad immunity to certain government officials acting in an official capacity. *Fry v. Melaragno*, 939 F.2d 832, 835 (9th Cir. 1991). Certain officials, including judges and prosecutors, have absolute immunity in order to allow the officials to perform the functions of their job "without fear of intimidation or harassment." *Id.* at 835-36. Hastings, as the Deputy Attorney General, has absolute immunity from actions rising out of his official duties. Therefore, Plaintiff cannot amend the Complaint to be able to state a claim against Hastings. Hastings is dismissed from this action with prejudice.

With respect to McDaniel, the R&R concludes that Plaintiff fails to state a claim, but Plaintiff may be able to cure the deficiencies by amendment. (Dkt. no. 28 at 8.) The Court agrees.

The Eighth Amendment imposes a duty on prison officials to maintain humane conditions, including the provision of food, water, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, in order to state a claim for a violation of Eighth Amendment rights, an inmate must sufficiently allege two requirements: (1) that the deprivation is objectively, significantly serious; and (2) that the prison official was acting with deliberate indifference. *Id.* at 834. "To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). Deliberate deprivation or delay of medical care can constitute a violation of an inmate's Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). In order for a delay in medical care to constitute a violation of the inmate's rights, the inmate must allege that the delay resulted in serious injury. *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002).

The Complaint alleges that, due to the delay in medical attention and approval of a wheelchair pusher, Plaintiff was not able to enter the culinary and, therefore, did not

eat for several days. (Dkt. no. 4 at 7.) The Complaint further states that on June 12, 2012, the day the settlement of Plaintiff's previous case was entered, McDaniel knew that Plaintiff had been denied medical attention, yet failed to act. (*Id.* at 9.) However, the Complaint contains no allegations that McDaniel understood the risks associated with this denial or that McDaniel acted with deliberate indifference towards Plaintiff's health and safety.

Plaintiff claims he is unsure of how to amend his claims against McDaniels. However, the R&R offers guidance on how to cure the deficiencies in the Complaint. In particular, the R&R states that in order to assert an Eighth Amendment claim against a prison official, Plaintiff must allege that the official was acting with deliberate indifference. (*Id.* at 5.) Furthermore, the R&R states that there must be a link between the official's actions and the alleged deprivation. (*Id.* at 8.) Simply because the Court grants leave to amend and offers guidance does not mean Plaintiff should amend if the facts do not support Plaintiff's claims.

It is hereby ordered that the Magistrate Judge Valerie Cooke's Report and Recommendation ("R&R") (dkt. no. 28) is adopted and accepted in full. The claims against Defendant Hastings shall be dismissed with prejudice and without leave to amend. The claims against Defendant McDaniel shall be dismissed without prejudice.

It is further ordered that, Plaintiff is given thirty (30) days from entry of this order within which to file an amended complaint. Pursuant to Local Rule 15-1, should Plaintiff choose to file an amended complaint, the amended complaint shall be complete in itself without reference to any previous complaint. The amended complaint should remedy, if possible, the defects in the complaint explained in the R&R and this order. Any allegations, parties, or requests for relief that are not carried forward in the amended complaint will no longer be before the Court. If Plaintiff chooses not to file an amended

///

///

///

4

complaint within thirty (30) days, this action will continue with regards only to the allegations against the remaining defendants as set forth in the initial complaint.

DATED THIS 8th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE